IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAMES DEON JONES, | : |
| Plaintiff, | : |
| v. | : No. 5:25-cv-00471-TES-CHW |
| LALA D. JONES, *et al.*, | : PROCEEDINGS BEFORE THE |
| Defendants. | : U.S. MAGISTRATE JUDGE |

### ORDER

*Pro se* Plaintiff James Deon Jones, a prisoner at Baldwin State Prison in Hardwick, Georgia, filed has filed a complaint using the Court's standard form for prisoners proceeding under 42 U.S.C § 1983. ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. A review of the complaint and motion to proceed IFP, reveals they are both deficient. Should Plaintiff wish to proceed with this action, he must file a certified copy of his trust fund account statement in support of his motion to proceed IFP and a recast complaint that complies with the instructions shown below.

### INITIAL REVIEW OF COMPLAINT

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Here, Plaintiff complains that "Charles Jones was bothering [his] girlfriend … and her daughter when she got tired of it" and "[t]hey were teaming up on her and trying to offer her money for sex." ECF No. 1 at 5. Plaintiff also complains that he is falsely imprisoned because he "was supposed to be freed

last Dec with credit for time served." *Id*.  He requests that this Court release him from prison.  *Id*. at 6.

It is unclear whether Plaintiff intends for his pleading to be a federal habeas corpus action under 28 U.S.C. § 2254 or whether he is alleging a civil rights violation under 42 U.S.C § 1983.  To that end, Plaintiff is advised that as a general rule, "any challenge to the *fact* or *duration* of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to *conditions* of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)). "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827 (1973)).  Conversely, the Supreme Court has clarified "[t]o state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Focus on the Family v. Pinellas Suncoast Transit Auth.,* 344 F.3d 1263, 1276-77 (11th Cir. 2003) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999)); *see also Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).  Release from prison or any criminal conviction is not available as a remedy in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  Monetary damages are available in a § 1983 action but not in a habeas action. *See Preiser*, 411 U.S. at 493, 500.  Plaintiff's

2

Complaint does not appear to seek redress via monetary damages.

Accordingly, if Plaintiff is challenging the fact or validity of his confinement and he seeks his release from state prison, then the proper cause of action is a § 2254 habeas petition. Plaintiff is advised, however, that any petition for habeas corpus relief is subject to the exhaustion doctrine. *See* 28 U.S.C. § 2254(b). Thus, a prisoner is required to exhaust all available state remedies before he may go forward with a habeas action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases"). To exhaust, a prisoner must "fairly present[ ]" every issue raised in the petitioner's federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). Thus, if Plaintiff has failed to first pursue a review of his conviction and sentence in a state superior court, the Georgia Court of Appeals, and/or the Georgia Supreme Court, then he is barred from seeking habeas relief from a federal district court.

If Plaintiff instead seeks to pursue a § 1983 action that raises constitutional violations as to the conditions of his confinement, he should recast his complaint on the Court's standard § 1983 form. Plaintiff is advised that he must establish two elements to state a claim for relief under § 1983: (1) that an "act or omission deprived him of a right,

3

privilege, or immunity secured by the Constitution or a statute of the United States" and (2) "the act or omission was committed by a person acting under color of state law". *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Here, Plaintiff's named Defendants appear to all be private citizens not acting under any state authority. *See* ECF No. 1 at 4-5. Furthermore, Plaintiff has failed to show how anyone "bothering" his girlfriend violates Plaintiff's constitutional rights. Thus, any § 1983 claim that several private citizens are "bothering" his girlfriend is subject to dismissal as frivolous.

Plaintiff is further advised that this Court may be barred from considering a § 1983 claim that alleges that the criminal proceedings underlying his present imprisonment were somehow wrongful. The United States Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486-487. Thus, if Plaintiff's purpose for a § 1983 action would be to allege false imprisonment or malicious prosecution, then he cannot do so until the underlying conviction that placed him in prison has been otherwise overturned or deemed invalid. *See id*.

If Plaintiff still wishes to pursue a federal civil action,[1] he must recast his complaint

---

[1] At this early stage in the litigation, Plaintiff is advised that he does have the additional

on the proper form for the legally actionable federal claim he wishes to bring after considering this Court's guidance above. If Plaintiff is challenging his state court conviction or sentence and seeks his release, he must recast his allegations on the Court's standard § 2254 form petition and specifically include all previous challenges he has made to his conviction in the state superior and appellate courts of Georgia. If instead, Plaintiff wants to complain about the conditions of his confinement and seek monetary compensation, he should recast his allegations on the Court's standard § 1983 form. Conversely, if Plaintiff wants to pursue both a habeas corpus claim pursuant to § 2254 and a § 1983 claim then he must file separate actions for the different type of claims and pay the filing fees for each. **Plaintiff cannot pursue both a habeas action pursuant to § 2254 and a §1983 action under one civil action number.** Thus, if Plaintiff pursues both types of actions then he should include this civil action number on only one of the complaint forms and the other complaint form will be assigned a new civil action number. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to choose the federal civil action he intends to pursue and to recast his complaint on the appropriate form as instructed. The recast complaint shall supersede (take the place of) his initial pleadings and this Court will not look back at his prior pleadings to determine whether Plaintiff has an actionable claim.

---

option to request that this Court dismiss this civil action without prejudice so that he may exhaust his state court remedies, if he has not done so, or to pursue remedies through administrative offices or other entities that may grant him the relief he seeks, or for any other reason he deems necessary. See Fed. R. Civ. P. 41(a)(1)(A).

## MOTION TO PROCEED IFP

Plaintiff moves to proceed IFP but has not included a certified copy of his prisoner trust fund account statement. ECF No. 2. A prisoner or pretrial detainee seeking leave to proceed without prepayment of the filing fee must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Furthermore, Habeas Corpus R. 3(a)(2) requires that a prisoner provided the Court with "a certificate from the warden or other appropriate officers of the place of petitioner's confinement showing the amount of money or securities that the petitioner has in any account in the institution." Accordingly, Plaintiff is **ORDERED** to submit a certified copy of his trust fund account statement for the preceding six months that is signed by a corrections official.

## CONCLUSION

Plaintiff has failed to submit a proper complaint before the Court and he has failed to submit a certified copy of his prisoner trust fund account statement. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Complaint on the appropriate form for the type of federal civil action he intends to pursue as instructed and to submit a certified copy of his account statement. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this civil action.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the § 2254 and § 1983 standard forms as well as the Court's standard account certification form for Plaintiff's use in complying with this order.

**SO ORDERED and DIRECTED**, this 12th day of November, 2025.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge