IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JAMES DEON JONES,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | No. 5:25-cv-00471-TES-CHW |
| : | |
| **LALA D. JONES,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## DISMISSAL ORDER

*Pro se* Plaintiff James Deon Jones, a prisoner at Baldwin State Prison in Hardwick, Georgia, filed a complaint. ECF No. 1. On November 12, 2025, the Magistrate Judge conducted an initial review of Plaintiff's pleading and rightfully found that it was unclear whether Plaintiff intended for his lawsuit to be a federal habeas corpus action under 28 U.S.C. § 2254 or whether he intended to pursue a civil rights complaint under 42 U.S.C § 1983. *See* ECF No. 5. Hence, Plaintiff was ordered to recast his complaint as either a civil rights complaint or as a habeas action and was provided instructions on how to do so. *Id*. Plaintiff was further ordered to provide a certified account statement for the preceding six months in support of his motion to proceed *in forma pauperis*. *Id*. Plaintiff was given fourteen (14) days to comply with the Court's Order and was informed that failure to fully and timely comply with an Order of the Court could result in dismissal of this action. *Id*. Plaintiff did not respond.

Therefore, on December 18, 2025, the Court notified Plaintiff that he failed to

comply with an Order of the Court.  ECF No. 6.  Plaintiff was ordered to show cause why this action should not be dismissed for failure to comply with the Court's Order. *Id*.  The Court again informed Plaintiff that should he fail to respond or otherwise comply with Court orders, this civil action can be dismissed.  *Id*.  Plaintiff was given fourteen (14) days to comply.   Plaintiff has failed to respond.

Due to Plaintiff's failure to follow the Court's orders and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* § 1983 complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).   Due to the dismissal of this civil action, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) and motion for injunctive relief (ECF No. 3) are **DENIED** as moot.

**SO ORDERED**, this 15th day of January, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
